**CONCUR and Opinion Filed October 18, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-00717-CR**

_____

**PABLO HERNANDEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F21-76438**

## CONCURRING OPINION

Opinion by Justice Goldstein

On the record before us, I agree with the majority that the above-numbered appeal is frivolous under *Anders*.[1] I write separately in recognition of the lack of clear guidance on the use of *Anders* briefs and to specifically note there is a distinction between reversibility and frivolousness.

There is a great disparity in the presentation of *Anders* briefs, ranging from those that are wholly deficient to those mirroring appellate opinions. Counsel's brief is not deficient; rather, counsel has discharged her constitutional duty to thoroughly

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

and professionally evaluate the record for any arguable issue. Counsel has identified numerous potentially arguable issues, conducted a detailed analysis of the law and the facts, and reached conclusions. However, counsel endeavors to establish compliance with *Anders* through the section entitled "Certificate of Counsel" in which counsel notifies this Court that, "in her opinion, the appeal is without merit and wholly frivolous because the record reflects no reversible error." Counsel further states that she has informed appellant that the appeal is without merit and advised appellant of his right to seek discretionary review if this Court concludes that the appeal is frivolous. Counsel also mentions in her conclusion and prayer that the appeal is frivolous. The substantive portion of this sixty-eight-page brief, rather than addressing the manner in which the appeal is frivolous and without merit, instead focuses the analysis on a determination of whether reversible error occurred in this case. Under *Anders*, the inquiry is whether no colorable argument could be made for reversal – in other words, whether the appeal is wholly frivolous and without merit. We recently noted the distinction between reversibility and frivolousness:

> The two concepts are certainly not the same. An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988); *see also Crowe v. State*, 595 S.W.3d 317 (Tex. App.—Dallas 2020, no pet.). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy,* 486 U.S. at 436; *Crowe*, 595 S.W.3d at 320. An appeal is not wholly frivolous when it is based on "arguable" grounds. *See Anders*, 386 U.S. at 744. Reversal only occurs if arguable error is found

–2–

to have occurred and was harmful. TEX. R. APP. P. 44.2. Many non-frivolous arguments identify errors that do not result in reversal.

*In re M.W.*, No. 05-22-00556-CV, 2023 WL 5524767, at * 2 n.5 (Tex. App.—Dallas Aug. 28, 2023, no pet.) (mem. op.).

Counsel has fulfilled her ethical obligation to avoid burdening the courts with wholly frivolous appeals based upon her "good-faith review of the law and record suggest[ing] to [her] no plausible grounds for appeal," and her "duty to withdraw is based upon [her] professional and ethical responsibilities as an officer of the court not to burden the judicial system with false claims, frivolous pleadings, or burdensome time demands." *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014). Counsel's analysis facilitated this Court's independent and detailed review as it afforded ready references to the record and legal authorities to reach the conclusion that any appeal would be frivolous and without merit. I merely caution appointed counsel not to submit *Anders* briefs that mirror appellate opinions in attempting to determine whether there is reversible error. It is the purview of this Court to determine whether there is error that results in harm, and a determination of reversible error is not the focus of an *Anders* brief. An *Anders* brief should address

and analyze whether counsel believes an appeal is without merit and wholly frivolous because it lacks any basis in law or in fact.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
220717CF.U05